UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEREE MURRAY, Individually and as Personal Representative of the Estate of LEROY MURRAY, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 4:14-CV-1638 CAS |

## **MEMORANDUM AND ORDER**

The matter is before the Court plaintiff Sheree Murray's motion to remand. None of the defendants in this case filed a response in opposition to the motion, and the time to do so has expired. For the following reasons, plaintiff's motion to remand will be granted.

*Discussion*

On July 30, 2014, plaintiff Sheree Murray filed suit in Missouri state court, individually and as the personal representative of the estate of Leroy Murray, against 29 corporate defendants. Plaintiff alleges that her husband, Leroy Murray, was exposed to asbestos that was manufactured, sold, or distributed by the defendants, and as a result of the exposure, he developed lung cancer and died. Plaintiff asserts only state law claims against the defendants. On September 22, 2014, defendant Crane Co. removed this cause of action to federal court based on federal officer jurisdiction, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. Crane Co. asserts in its Notice of Removal that the case is subject to federal officer jurisdiction because Leroy Murray's exposure to any Crane Co. product happened while he was in the United States Navy, and any Crane Co. product that was supplied to the Navy was manufactured in strict accordance with Navy specifications and

requirements. Defendants Warren Pumps, LLC and CBS Corporation joined in the removal and also asserted federal officer jurisdiction. No other defendant joined in the notice of removal or asserted any other ground for federal jurisdiction. Defendants Crane Co., Warren Pumps, LLC, and CBS Corporation have since been dismissed from this suit, and plaintiff now moves to remand to state court.

In cases removed under § 1442(a)(1), "[i]f the federal party is eliminated from the suit after removal . . . the district court does not lose its . . . jurisdiction over the state law claims against the remaining non-federal parties." District of Columbia v. Merit Sys. Prot. Bd., 762 F.2d 129, 132–33 (D.C. Cir. 1985). "Instead, the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court." Id. at 133. See also Spencer v. New Orleans Levee Bd., 737 F.2d 435, 438 (5th Cir. 1984); Watkins v. Grover, 508 F.2d 920, 921 (9th Cir. 1975). In the absence of compelling reasons to retain jurisdiction, district courts in their discretion may remand to state court. Merit Sys. Prot. Bd., 762 F.2d at 133; see also 16 James Wm. Moore, et al., Moore's Federal Practice § 107.15[1][b] (3d ed. 2014). Here, plaintiff moved to remand and no defendant objected or offered reasons as to why this Court should retain jurisdiction. Seeing no compelling reasons to retain jurisdiction, the Court in the exercise of its discretion will remand the cause of action to state court. The pending motions can be addressed by the state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Sheree Murray's motion to remand is **GRANTED**. [Doc. 224]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

An appropriate order of remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of May, 2016.